UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT JACK COUNTERMAN,

   Movant,

                File No. 2:08-CV-142

v.

                HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

   Respondent.
             /

# **O P I N I O N**

This matter comes before the Court on Movant Robert Jack Counterman's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

## I.

Movant was indicted on two counts of interstate transportation of stolen motor vehicles in violation of 18 U.S.C. § 2312. Movant pled guilty to a two-count Superseding Information charging him with one count of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, and one count of interstate transportation of a stolen firearm in violation of 18 U.S.C. § 922(i). On November 20, 2003, Movant was sentenced to consecutive terms of 120 months of imprisonment for transporting the vehicle and 48 months of imprisonment for transporting the firearm, for a total of 168 months of imprisonment. Movant was also ordered to serve three years of supervised release, and to pay $35,200 in

restitution. *United States v. Counterman*, No. 2:03-CR-17 (Dkt. No. 21, J.) (W.D. Mich. Nov. 25, 2003). Movant's conviction and sentence were affirmed on appeal. *United States v. Counterman*, 121 F. App'x 581 (6th Cir. 2005). The Supreme Court granted *certiorari* and vacated the judgment in light of *United States v. Booker*, 543 U.S. 220 (2005). *Counterman v. United States*, 544 U.S. 1016 (2005). The case was remanded for resentencing. An amended judgment was entered on July 24, 2006, imposing the same term of imprisonment, but reducing the amount of restitution to $7,299.21. (Dkt. No. 62, Am. J.) Movant's amended sentence was affirmed on appeal. (Dkt. No. 71, *United States v. Counterman*, No. 06-2065, slip op. (6th Cir. May 2, 2007).)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently

2

results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255. No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Movant's petition raises only legal arguments. Accordingly, no evidentiary hearing is required to resolve the issues presented.

3

**III.**

Movant has raised four[1] separate grounds for habeas relief, all of which allege ineffective assistance of counsel. Movant claims ineffective assistance on the part of both his first and his second counsel.[2]

To prevail on a claim of ineffective assistance of counsel, Movant must establish two elements: "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003) (quotation marks omitted). A "reasonable probability" has been defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**A. Scoring of Base Offense Level Under § 2K2.1(a)(1) Based on Illegal Firearm**

---

[1] Movant has raised four grounds for relief in his original § 2255 petition (Dkt. No. 1) and one additional ground for relief in his amendment (Dkt. No. 4). The fourth ground raised in Movant's original petition is that his ineffective assistance of counsel claims are not procedurally barred. Because there is no dispute as to this assertion, and because it does not present an independent basis for relief, the Court is only required to address Movant's four claims of ineffective assistance of counsel.

[2] Movant was represented by Attorney Paul A. Peterson at his plea, sentence, and first appeal. Movant was represented by Attorney Mark L. Dobias at his resentencing and on his second appeal.

4

At sentencing, the Court calculated Movant's base offense level at 26 pursuant to § 2K2.1(a)(1) of the United States Sentencing Guidelines Manual ("U.S.S.G.") because the offense involved a Norinco semi-automatic rifle described in 18 U.S.C. § 921(a)(3).

Movant contends that the Norinco rifle was not an illegal assault weapon under 18 U.S.C. § 921(a)(30), and that counsel were accordingly ineffective for failing to object to the use of the Norinco rifle to score his base offense level under U.S.S.G. § 2K2.1(a)(1).

As of November 20, 2003, when Movant was sentenced, the Sentencing Guidelines provided for a base offense level of 26 "if the offense involved a firearm described in . . . 18 U.S.C. § 921(a)(30), and the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1 (2003). Section 921(a)(30), which was part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103-322, 108 Stat. 1796 (Sept. 13, 1994), defined the term "semiautomatic assault weapon."[3]

---

[3]Section 921(a)(30) defined "semiautomatic assault weapon" to include the following:

a semiautomatic rifle that has an ability to accept a detachable magazine and has at least 2 of--

    (i) a folding or telescoping stock;
    (ii) a pistol grip that protrudes conspicuously beneath the action of the weapon;
    (iii) a bayonet mount;
    (iv) a flash suppressor or threaded barrel designed to accommodate a flash suppressor; and
    (v) a grenade launcher.

18 U.S.C. § 921(a)(30)(B) (repealed Sept. 13, 2004).

Movant does not challenge the finding in the Presentence Report ("PSR") that the Norinco rifle falls within the definition of a semiautomatic assault weapon under 18 U.S.C. § 921(a)(30)(B). (PSR ¶ 31).[4] Instead, Movant contends that counsel should have objected to the characterization of the Norinco rifle as an illegal weapon on the basis of the Sixth Circuit's opinion in *United States v. O'Malley*, 332 F.3d 361, 362-63 (6th Cir. 2003) (per curiam).

In *O'Malley*, the government conceded that the Norinco Kalashnikav that was used to enhance the defendant's sentence was not illegal *per se*, because it was "legal to buy if it had been manufactured or imported before the ban against such weapons." *Id.* at 363 (citing 18 U.S.C. § 922(v)(2)).[5] Based upon the government's concession that the grandfather provision applied, the Sixth Circuit held that it was error to enhance the defendant's sentence under § 2K2.1(a)(5). *O'Malley*, 332 F.3d at 363. *See also United States v. Waggoner*, 207 F. App'x 576, 581 (6th Cir. 2006) (unpublished) (citing *O'Malley* for the proposition that § 2K2.1(a)(4)(B) does not apply if the weapon was lawfully possessed on the date of the enactment of 18 U.S.C. § 921(a)(30)).

---

[4]The government has presented evidence that the Norinco rifle was a semiautomatic weapon that was equipped with a detachable 20-round magazine, a pistol grip, bayonet mount, and flash suppressor. (Dkt. No. 21, Gov't Attach. 1.)

[5]Section 922(v)(2), commonly referred to as the "grandfather" provision, specified that § 922(v)(1), which made it unlawful "to manufacture, transfer, or possess a semiautomatic assault weapon," did "not apply to the possession or transfer of any semiautomatic assault weapon otherwise lawfully possessed under Federal law on the date of the enactment of this subsection.") 18 U.S.C. § 922(v) (repealed Sept. 13, 2004).

The record in Movant's case contains no evidence as to whether the Norinco rifle at issue was lawfully possessed on the date of the enactment of § 921(a)(30). Movant accordingly contends that counsel was ineffective for failing to challenge the application of the § 2K2.1(a)(1) enhancement.

The government contends that the Court should not follow *O'Malley* because the Sixth Circuit is the only court to hold that § 2K2.1's enhancements for firearms listed in § 921(a)(30) do not apply to prohibited transactions involving "grandfathered" pre-ban weapons, and because the Sixth Circuit arrived at this decision without any thorough discussion of the issue or acknowledgment of countervailing authority in light of the fact that the government had conceded the point. *See United States v. Ray*, 411 F.3d 900, 906 (8th Cir. 2005) (noting that the majority of courts that have addressed the issue have held that the § 922(v)(2) grandfather provision is not an exception to the enhancements called for under § 2K2.1).

Whether or not *O'Malley* was a well-reasoned opinion, there is no indication that it has been reversed, vacated, or overruled. *O'Malley* is the law of the Sixth Circuit, and this Court is bound by that law. *See United States v. Brown* 444 F.3d 519, 521 (6th Cir. 2006) ("[T]he district court correctly observed that it was bound to follow the precedent of this circuit."). However, even if *O'Malley* was the controlling law, that does not necessarily mean that counsel's failure to raise an argument based on *O'Malley* was constitutionally deficient. Counsel's performance is constitutionally deficient when the representation falls "below an objective standard of reasonableness" as measured by "prevailing professional

7

norms." *Hodge v. Haeberlin*, 579 F.3d 627, 653 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 688). Where, as here, the Norinco rifle clearly fell within the statutory definition incorporated into the sentencing guidelines, the need to research the effect of a grandfather provision found in another statute, 18 U.S.C. § 922(v)(2), would not have been obvious. The Court is accordingly hesitant to find that counsel's failure to raise the Sixth Circuit's *O'Malley* decision to be constitutionally deficient.

Nevertheless, even if counsel was deficient for failing to argue the invalidity of the § 2K2.1 enhancement on the basis of *O'Malley*, Movant cannot satisfy the prejudice prong of the *Strickland* test because he cannot show a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant's contention that, had counsel objected to the § 2K2.1(a)(1) enhancement, his base offense level would have been lower and he would have received a lower sentence has no factual support. Contrary to Movant's argument, even if the Court had followed *O'Malley* and reduced Movant's base offense level by two levels, Movant's total offense level would have been the same because of § 2K2.1(b)'s cap on the cumulative offense level.[6] Accordingly, even if counsel's failure to object to the § 2K2.1(a)(1) enhancement

---

[6]Movant had prior convictions for prison escape and for breaking and entering into an occupied dwelling which qualified as crimes of violence at the time of his sentencing and resentencing. Therefore, Movant's base offense level would have been 24 pursuant to § 2K2.1(a)(2), rather than 26 pursuant to § 2K2.1(a)(1). With the addition of six levels under § 2K2.1(b)(1) for more than 25 firearms and two levels under § 2K2.1(b)(4) for the fact that the firearms were stolen, his adjusted level would have come to 32. However, because § 2K2.1(b)(4) imposes a maximum offense level of 29 prior to applying § 2K2.1(b)(5) and later adjustments, Movant's offense level would have been reduced to 29, the same level that it was at Movant's actual sentencing and resentencing.

8

based upon an illegal weapon fell below an objective standard of reasonableness, Movant has failed to demonstrate that he received ineffective assistance of counsel because he has not shown that counsel's failure to object to the use of the Norinco rifle to score his base offense level prejudiced him in any way.

**B. § 2K2.1(b)(4) Enhancement for Stolen Firearm**

Movant contends that because his only firearm offense was for interstate transportation of a stolen firearm, counsel were ineffective for failing to argue that the two-level enhancement under § 2K2.1(b)(4) for a stolen firearm constituted impermissible double counting.

On his first appeal, Movant similarly argued that the court impermissibly "double counted" by adding two points to his criminal offense level under § 2K2.1(b)(4) because the weapons were stolen. The Sixth Circuit rejected Movant's double-counting argument on the basis that Application Note 12,[7] on which Movant relied, did not apply where the base offense level was determined under § 2K2.1(a)(1).

In his § 2255 petition, Movant again argues double counting, but this time he relies on *United States v. Sanders*, 162 F.3d 396 (6th Cir. 1998), and *United States v. Duckro*, 466

---

[7]At the time Movant was sentenced, Application Note 12 provided as follows:

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i) . . . and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen.

U.S.S.G. § 2K2.1, cmt. 12.

9

F.3d 438 (6th Cir. 2007), rather than on the Application Notes. Neither of these cases supports Movant's ineffective assistance of counsel claim. *Sanders* did not address the application of the enhancement that was applied in the instant case. *Sanders* addressed the application of former § 2K2.1(b)(5), which added four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." 162 F.3d at 397 n.1 (quoting U.S.S.G. § 2K2.1(b)(5) (1997)). The enhancement in Movant's case was applied under § 2K2.1(b)(4), which adds two levels "[i]f any firearm was stolen." U.S.S.G. § 2K2.1(b)(4) (2003). Because the enhancement in *Sanders* was based on different language than the enhancement applied in this case, *Sanders* has no bearing on the issue of double counting in Movant's sentence, and counsel cannot be held deficient for failing to raise an argument based upon *Sanders*.

Movant's reliance on the Sixth Circuit's analysis in *United States v. Duckro*, 466 F.3d 438 (6th Cir. 2007), is also misplaced. *Duckro* had not been decided at the time of Movant's sentencing or his resentencing. Moreover, Duckro's twelve-point base offense level was based on subsection (a)(7), so an enhancement under subsection (b)(4) was explicitly prohibited by the comments to the Sentencing Guidelines. *Id.* at 446 (citing U.S.S.G. § 2K2.1, cmt. 9.) As the Sixth Circuit noted in Movant's first appeal, Movant's base offense level derived from subsection (a)(1), not from subsection (a)(7), so the prohibition against double counting did not apply.

Counsel cannot be unconstitutionally ineffective for failing to raise meritless arguments. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). Moreover, "[n]o prejudice

10

flows from the failure to raise a meritless claim." *Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008). Because Movant's double-counting argument has no merit, he has failed to show that counsel was ineffective for failing to raise it.

### C. § 2K2.1(b)(1)(C) Enhancement for Number of Firearms

Movant's offense level was increased by six levels pursuant to § 2K2.1(b)(1) because the offense involved between 25 and 99 firearms. Movant contends that all of the information the government had obtained regarding firearms, other than the six found in the motorhome at the time of his arrest, was disclosed pursuant to the cooperation agreement outlined in his plea agreement, and that counsel were accordingly ineffective for failing to argue that the enhancement was prohibited by U.S.S.G. § 1B1.8(a).

Section 1B1.8(a) of the sentencing guidelines provides that where a defendant agrees to cooperate with the government by providing information, and the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, such information "shall not be used in determining the applicable guideline range, except to the extent provided in the agreement." U.S.S.G. § 1B1.8(a). The prohibition does not restrict the use of information "known to the government prior to entering into the cooperation agreement." U.S.S.G. § 1B1.8(b)(1).

The government's July 23, 2003, letter to defense counsel indicated that Movant had already made a confession in which he admitted the charged offenses and some additional "theft type" crimes prior to entering into a cooperation agreement, and confirmed that any new "theft type" crimes disclosed by Movant, that were not previously known by the

government, would be protected under § 1B1.8. (Dkt. No. 21, Gov't Attach. 2.) The PSR detailed that on the day of his arrest, June 25, 2003, Movant admitted to investigating officers that the six firearms in the motor home were stolen and "remarked he had previously sold approximately 25 other stolen rifles and six stolen pistols" at a flea market in Virginia. (PSR ¶¶ 9-11.) Movant did not object to these findings at the time of his sentencing.

Movant's contention that he did not disclose the information about firearms other than those found in the motor home until after he entered into the proffer agreement lacks merit because the record establishes that he admitted that he sold more than 37 stolen firearms at the time of his arrest. *See Valentine*, 488 F.3d at 333 (holding that no evidentiary hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record). Movant's counsel were not ineffective for failing to object to the six-level enhancement under § 2K2.1(b)(1) for an offense involving 25-99 firearms because the enhancement was properly applied. Movant's argument that he should not have received the § 2K2.1(b)(1) enhancement has no merit. Accordingly, he is not entitled to habeas relief on his claim that counsel was ineffective for failing to object to the § 2K2.1(b)(1) enhancement. *See Mahdi*, 522 F.3d at 638 ("No prejudice flows from the failure to raise a meritless claim."); *Mapes*, 171 F.3d at 427 (holding that counsel cannot be unconstitutionally ineffective for failing to raise meritless arguments).

### D. § 2K2.1(a)(1) Enhancement for Violent Felony

Movant contends that, because his escape conviction was based on his failure to return to prison after checking out to go to work (PSR ¶ 59), counsel were ineffective for failing to

object to the characterization of this conviction as a "violent felony" for purposes of U.S.S.G. § 2K2.1(a)(1).

At the time of Movant's sentencing, resentencing, and appeals, the Sixth Circuit had adopted the position that "the crime of escape, by its nature, presents a serious potential risk of physical injury and thus constitutes a crime of violence under § 4B1.2(1)(ii)." *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999). It was not until 2007, after Movant's last appeal was concluded, that the Sixth Circuit distinguished the Tennessee escape statute at issue in *Harris* and held for the first time that a conviction under Michigan law for prison escape that was premised on a failure to report was not a "violent felony" for purposes of U.S.S.G. § 4B1.2. *United States v. Collier*, 493 F.3d 731, 734-37 (6th Cir. 2007). The Sixth Circuit recently determined in *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), that although a "walkaway" escape no doubt may create a greater risk of physical injury than a failure to report, a prior conviction under Kentucky law for a "walkaway" escape no longer qualifies categorically as a crime of violence for purposes of § 4B1.2(a) in light of the Supreme Court's decision in *Chambers v. United States*, 129 S. Ct. 687, 692 (2009). *Ford*, 560 at 426. In its analysis, the Sixth Circuit noted that *Chambers* modifies circuit law. *Id*. at 423. Until *Chambers*, the Sixth Circuit had "taken the view that all escape offenses – from a failure to report at one end of the spectrum to a breakout at the other – constitute crimes of violence." 560 F.3d at 423 (citing cases).

Because the Sixth Circuit had consistently held that all escape convictions were violent crimes for purposes of the sentencing guidelines, and because neither *Collier* nor

13

*Ford* had been decided prior to the conclusion of Movant's last appeal, the Court concludes that it was not objectively unreasonable for counsel to fail to anticipate the future change in the law. *See Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995) (holding that defense counsel's was not incompetent for failing to foretell the circuit's future interpretation of "relevant conduct" under the guidelines); *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005) (unpublished) (holding that defense counsel was not ineffective for failing to predict Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (holding that defense counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance). The Court concludes that counsel was not ineffective for failing to argue against the use of Movant's escape conviction to enhance his sentence under U.S.S.G. § 2K2.1(a)(1).

**IV.**

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, for the reasons stated herein, Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.

An application for a certificate of appealability will also be denied because Movant cannot make a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

An order consistent with this opinion will be entered.

Dated:     October 27, 2009             /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE